Christopher W. WALKER, and James H. Burch, Appellants,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee.

Evening News Association Channel 20, Inc., National Broadcasting Co., Inc., WJLA, Inc., Metromedia, Inc., Intervenors.

No. 79–1347.

United States Court of Appeals, District of Columbia Circuit.

Argued March 14, 1980.

Decided April 24, 1980.

Christopher W. Walker, Boston, Mass., for appellants.

L. Andrew Tollin, counsel, F. C. C., Washington, D. C., for appellee; Robert R. Bruce, Gen. Counsel, Daniel M. Armstrong, Asso. Gen. Counsel and James R. Jamison, Jr., counsel, F. C. C., Washington, D. C., were on the brief, for appellee.

Preston R. Padden, Washington, D. C., with whom Thomas J. Dougherty, Washington, D. C., was on the brief, for Intervenor, Metromedia, Inc.

J. Laurent Scharff and Jack N. Goodman, Washington, D. C., also entered appearances, for Intervenor, The Evening News Ass'n.

Arthur B. Goodkind, Washington, D. C., also entered an appearance, for Intervenor, National Broadcasting Co., Inc.

Thomas J. Keller, Washington, D. C., also entered an appearance for Intervenor, WJLA, Inc.

Before MacKINNON, ROBB and WALD, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM.

Appellants appeal from a decision of the Federal Communications Commission

(FCC) which refused their petition to deny license renewal of all five Washington, D.C. commercial television stations. Appellants had filed a blanket petition against all five stations with no actionable allegations being directed toward any particular licensee.

Petitioners operate a video dating service which runs a date-introduction service somewhat similar to computer dating. After failing to sell their program to the stations the instant petitions were filed alleging that each station failed to provide for local self expression utilizing local talent and to present programming specifically designed to serve the local adult non-married population. After a review of petitioners' claims and evidence the FCC denied the petitions and relicensed the stations. It held that the petition to deny raised no substantial and material question of fact as to the licensee's qualifications. We affirm the Commission.

■ FCC procedures outlined in its Ascertainment Primer require that television stations must ascertain the needs of 19 specific interest groups and elements of the community. Petitioners attack is directed at the scope of these procedures. They contend that same are incomplete in not including adult non-married persons as a separate group. However, petitioners have failed to define a particularized local need for programming designed for non-married adults. Their only suggestion has to do with computer dating or a video dating format, which they would be pleased to produce for any station. However, single adults in the District of Columbia are no more in need of finding a date or a mate than single adults elsewhere in the country and the objectionable ramifications of such proffered services are too well known to give them any instant credibility. If petitioners had any objection to the Ascertainment Primer, which sets forth the 19 groups and elements that stations must follow, they could have participated in the earlier rule-making proceeding. *Amendment of the Primer on Ascertainment of Community Problems by Broadcast Renewal Applicants in Regard to the Community Leader*

*Survey*, Docket No. 78–237, FCC 78–583, released August 8, 1978.

■ In the Ascertainment Primer, the FCC explained that if a licensee has consulted with leaders in all the checklist categories, its ascertainment efforts will not be open to question. See Paragraph 19, 41 Fed.Reg. 1374 (Jan. 7, 1976). Appellants have not shown that the needs of it so-called group are such that stations "could not reasonably or in good faith ignore" them. *Miami Valley Broadcasting Corp.*, 48 F.C.C.2d 177, 185 (1974). Apart from the need to date and find a mate most of the TV needs of non-married adults are not substantially different from the needs of adults in general and there is no substantial reason why the renewal of television licenses should be made dependent upon the station catering to such an isolated need in which most unmarried adults do not need outside commercial assistance.

We accordingly concur in the decision of the FCC that "each licensee has so amply demonstrated in its renewal application and opposition pleading the adequacy of its public affairs programming for its service area—with program listings too lengthy to enumerate here—that petitioners simply have raised no question of fact in this regard." Its decision is therefore affirmed.

*Judgment accordingly*